United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROPATI A SEUMANU,<br>　　　　Plaintiff,<br>　　v.<br>RON DAVIS, Warden, San Quentin State Prison,<br>　　　　Defendant. | Case No. 17-cv-05483-RS<br><br>DEATH PENALTY CASE<br><br>ORDER DENYING MOTION TO DISMISS AND GRANTING REQUEST FOR STAY AND ABEYANCE |

**INTRODUCTION**

Petitioner Ropati A. Seumanu, a condemned prisoner at California's San Quentin State Prison, has filed a habeas petition containing thirty-six claims. Petitioner and respondent agree that Claims 15, 19, 21, 23, 24, 25, 26, 27, and 28, are unexhausted. Respondent has filed a motion to dismiss the mixed petition. Petitioner opposes respondent's motion and requests that the Court stay the current proceedings so he can return to state court to exhaust the unexhausted claims.

For the reasons stated below, respondent's motion to dismiss is DENIED. Petitioner's request for stay and abeyance is GRANTED.

**BACKGROUND**

In 2000, a jury convicted petitioner of first-degree murder, kidnapping to commit robbery, and first-degree robbery, and found true the special circumstances that petitioner committed the murder while engaged in the commission of a robbery and kidnapping. Petitioner was sentenced to death. The Supreme Court of California affirmed his conviction and sentence. *People v. Seumanu*, 61 Cal. 4th 1293 (2015).

On July 9, 2012, petitioner filed a petition for writ of habeas corpus in state court. The

Supreme Court of California denied his petition on September 13, 2017. Petitioner filed a federal habeas petition on October 14, 2018.[1]

On November 27, 2018, respondent filed a Motion to Dismiss Mixed Petition. Petitioner filed a reply to respondent's motion and a Motion for Stay Pending Resolution of State Proceeding on December 10, 2018. On January 14, 2019, respondent filed an opposition to petitioner's motion for stay. On April 5, 2019, petitioner filed a reply.

## DISCUSSION

### Legal Standard

A federal court may not grant habeas relief until a petitioner has exhausted available state remedies with respect to each claim. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 272 (1971). A federal constitutional claim is exhausted when it has been "fairly presented" to the highest state court and that court has had a meaningful opportunity to apply controlling legal principles to the facts underlying the claim. *Picard*, 404 U.S. at 276-77.

The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose*, 455 U.S. at 522. A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute of limitations period for receiving federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). A district court must stay a mixed petition if: (1) the petitioner has good cause for his failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

The Supreme Court has not precisely defined what constitutes "good cause" for a *Rhines* stay. *See Blake v. Baker*, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that good cause does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable

---

[1] Respondent agreed not to assert a statute of limitations defense if the petition was filed within one year of the date counsel was appointed.

2

excuse, supported by sufficient evidence, to justify" the failure to exhaust. *Blake*, 745 F.3d at 982. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the *Rhines* test". Although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* In *Blake*, the petitioner argued in his federal petition that his trial counsel was ineffective because they failed to discover and present evidence related to the petitioner's abusive upbringing and mental illness. *Id.* at 979. To establish good cause for a *Rhines* stay, the petitioner asserted that he also received ineffective assistance of counsel ("IAC") during his state post-conviction proceedings. *Id.* Because the petitioner's "showing of good cause was not a bare allegation of state postconviction IAC, but a concrete and reasonable excuse, supported by evidence," the Ninth Circuit reversed the district court's denial of a *Rhines* stay. *Id.* at 983.

**Analysis**

Petitioner argues that he is entitled to a stay of his federal proceedings. As noted above, a district court must stay a mixed petition if: 1) the petitioner has good cause for his failure to exhaust his claims, 2) the unexhausted claims are potentially meritorious, and 3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Rhines*, 544 U.S. at 278.

**a. Good Cause**

Petitioner asserts that the ineffective assistance of state habeas and appellate counsel constitutes good cause for his failure to exhaust. In support, petitioner cites to the declaration of counsel who represented him in both state appellate and habeas proceedings. State counsel indicates he overlooked the evidence that forms the basis of the unexhausted claims and that he had no strategic reason for failing to raise the claims in state court. ECF no. 16-3, Ex. 286. Based on its review of the record, the Court finds that petitioner has advanced a reasonable excuse, supported by evidence, to justify his failure to exhaust his claims. *See Blake*, 745 F.3d at 982-83; *Ervine v. Warden, San Quentin State Prison*, 2018 WL 372754, at *3-4 (E.D. Cal. Jan. 10, 2018), *report and recommendation adopted*, 2018 WL 1173959 (E.D. Cal. Mar. 6, 2018); *Cruz v.*

*Mitchell*, 2015 WL 78779, at *3 (N.D. Cal. Jan. 5, 2015); *Ramos v. Chappell*, 2014 WL 6065660, at *3 (N.D. Cal. Nov. 12, 2014). Thus, petitioner satisfies the first *Rhines* prong.

### b. Potential Merit

Under the second prong of the *Rhines* test, it would be an abuse of discretion to stay federal habeas corpus proceedings pending exhaustion of a "plainly meritless" claim. *Rhines*, 544 U.S. at 277.

Respondent contends petitioner's unexhausted claims are meritless because, under California Penal Code section 1509, as amended by Proposition 66, any successive petition petitioner now files in state court must be dismissed, "unless the court finds . . . that the defendant is actually innocent of the crime of which he or she was convicted or is ineligible for the sentence." Cal. Penal Code § 1509(d). This appears to foreclose exhaustion petitions if an initial habeas corpus petition has been filed and decided by the state court, except in rare instances that respondent contends do not apply here. However, at this time, it would be speculative to rule that returning to state court would be futile based on section 1509(d). The California Supreme Court upheld the validity of Proposition 66 in *Briggs v. Brown*, 3 Cal. 5th 808 (2017), but explicitly reserved "as-applied" challenges to the statute by individual prisoners. *Id.* at 827. *Briggs* left open legal questions as to the applicability of the new section to certain petitioners. For example, the decision did not resolve whether those claims expressly included in the measure constitute an exhaustive list of claims that could evade dismissal for untimeliness if presented in a successive petition. *See* Cal. Penal Code § 1509(d) ("Claims of ineligibility include . . ."). Thus, the Court cannot rule at this time that returning to state court would be futile based on section 1509(d).

Petitioner has articulated cognizable constitutional claims supported by relevant legal authority and has presented such evidence as is presently available to him. Based on its review of the record, petitioner's unexhausted claims are not plainly meritless. Therefore, petitioner satisfies the second prong of *Rhines*.

### c. Dilatory Litigation Tactics

Under the third prong of the *Rhines* test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the

4

1  petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Petitioner
2  has been following this Court's Capital Habeas Local Rules in litigating his petition. There is no
3  evidence that Petitioner has engaged in dilatory litigation tactics to date.
4      Petitioner thus satisfies all three prongs of *Rhines*.

## CONCLUSION

For the above-mentioned reasons, respondent's motion to dismiss is DENIED, and Petitioner's motion for stay and abeyance is GRANTED. Petitioner shall file an exhaustion petition in state court within 30 days of the date of this Order. Thirty days after the entry of this Order, and every 90 days thereafter until proceedings in his state exhaustion case are completed, petitioner shall serve and file in this Court a brief report updating the Court and the parties on the status of his pending state habeas action. No later than 30 days after proceedings in his state case are completed, petitioner shall serve and file notice that proceedings are completed.

IT IS SO ORDERED.

Dated: 4-15-2019

RICHARD SEEBORG
United States District Judge